# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNIE MICKELL,

    Plaintiff,

v.

POLICE DEPT. OF SCRANTON, *et al.*,

    Defendants.

NO. 3:16-CV-0291

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SAPORITO)

## MEMORANDUM ORDER

Presently before me is the Report and Recommendation of Magistrate Judge Joseph F. Saporito, Jr. (Doc. 45), which recommends that Plaintiff's motion for preliminary injunction (Doc. 33) be denied, multiple motions to dismiss filed by Defendants (Docs. 15, 18, 20, 26) be granted, and Plaintiff's claims be dismissed without leave to amend. Plaintiff timely objected to the Report and Recommendation (Doc. 46), arguing that he was illegally incarcerated in Lackawanna County prison and that he states claims under 42 U.S.C. § 1983, as well as claims for false imprisonment, civil conspiracy, negligence, gross negligence, and slander. The Report and Recommendation is adopted, Plaintiff's objections are overruled, and the Complaint is dismissed without leave to amend.

When objections to the magistrate judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id*. at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).

Although the review is *de novo*, the law permits the court to rely on the recommendations of

the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See*, *e.g.*, *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

Here, the Magistrate Judge recommends that Plaintiff's § 1983 claims be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the United State Supreme Court held that if the success of a § 1983 damages suit brought by a plaintiff would "necessarily imply the invalidity of his conviction or sentence," the plaintiff may only bring the claim where the conviction or sentence has been invalidated. *See id*. at 486, 114 S. Ct. 2364. This holding has been referred to as the "favorable termination rule." *See Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016). Specifically, the Court in *Heck* stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87, 114 S. Ct. 2364. In other words, "a prisoner's civil rights suit for damages is barred unless he can demonstrate that his conviction or sentence has been invalidated." *Holmes v. Dreyer*, 431 F. App'x 69, 70 (3d Cir. 2011) (per curiam). Notably, "a prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . - if success in the action would necessarily demonstrate the invalidity of [a Plaintiff's] confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). In addition to *Heck*, the Magistrate Judge also notes that Plaintiff's § 1983 claims suffer from numerous other deficiencies, including, for example, the failure to allege the personal involvement of certain Defendants, that claims against various Defendants fail

2

on immunity grounds, and that the Complaint fails to set forth facts supporting plausible claims. (*See* Doc. 45, 13).

Although Plaintiff has filed objections to the Report and Recommendation, his objections are general in nature. (*See* Doc. 46, *generally*). Nowhere in Plaintiff's objections does he address Magistrate Judge Saporito's determination that the § 1983 claims are barred by *Heck*, nor does he contest the numerous other grounds the Magistrate Judge identifies as supporting the dismissal of the Complaint. (*See id.*). As such, the Report and Recommendation is reviewed for clear error. Finding none and further noting that Plaintiff's § 1983 claims challenge the validity and duration of his confinement, the Report and Recommendation is adopted in its entirety.

Accordingly**, NOW**, this 10th day of October, 2017, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 45) is **ADOPTED in its entirety**.

(2) Plaintiff's motion for preliminary injunction (Doc. 33) is **DENIED**.

(3) Defendants' motions to dismiss (Docs. 15, 18, 20, 26) are **GRANTED**.

(4) The Complaint is **DISMISSED without leave to amend**.[1]

(5) The Clerk of Court is directed to mark the case as **CLOSED**.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge

---

[1] To the extent that Plaintiff presents any state law claims, I decline to exercise supplemental jurisdiction over those claims.